[Cite as *State v. Golson*, 2017-Ohio-4438.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104776

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDWIN GOLSON

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART
### AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-603305-A and DL 15111747

**BEFORE:** E.T. Gallagher, P.J., Blackmon, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 22, 2017

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

BY:    Victoria Bader
          Assistant State Public Defenders
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

Michael Walton
1053 Genesee Ave., N.E.
Warren, Ohio 44483


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Brian D. Kraft
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Edwin Golson ("Golson"), appeals his sentence and classification as a Tier II sex offender. He raises four assignments of error:

1. The Cuyahoga County Court of Common Pleas erred when it classified Edwin Golson as a Tier II sex offender registrant, as defined in R.C. 2950.01(F)(1), because the application of the adult registration requirements of R.C. Chapter 2950 to juvenile offenders creates an unconstitutional irrebuttable presumption in violation of the Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2 of the Ohio Constitution.

2. The Cuyahoga County Court of Common Pleas erred when it classified Edwin Golson as a Tier II sex offender registrant, as defined in R.C. 2950.01(F)(1), because the application of adult registration requirements of R.C. Chapter 2950 to juvenile offenders constitutes cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and Article I, Section 9 of the Ohio Constitution.

3. Edwin Golson was denied the effective assistance of counsel when trial counsel failed to object to the imposition of an adult classification on a juvenile offender. Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution; Ohio Constitution, Article I, Sections 9 and 10.

4. The Cuyahoga County Court of Common Pleas erred when it failed to credit Edwin Golson with time served in connection with his offense pursuant to R.C. 2929.19 and R.C. 2967.191 in violation of the Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2 of the Ohio Constitution.

We find some merit to the appeal, affirm the trial court's judgment in part, reverse it in part, and remand the case to the trial court to grant Golson 308 days of jail-time credit.

**I.  Facts and Procedural History**

{¶2} Golson was charged in the Cuyahoga County Juvenile Court with one count of rape in violation of R.C. 2907.02(A)(2), one count of kidnapping in violation of R.C. 2905.01(A)(4), one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of aggravated robbery in violation of R.C. 2911.01(A)(3), and one count of robbery in violation of R.C. 2911.02(A)(2). Golson was 17 years old at the time the offenses were committed, and the state filed a motion to transfer the case to the Cuyahoga County Common Pleas Court, General Division ("adult criminal court"or "common pleas court") pursuant to the discretionary bindover provision set forth in R.C. 2152.12(B).

{¶3} In accordance with R.C. 2152.12(B), the court held a probable cause hearing. The victim, T.M.,[1] testified that Golson attacked her on the night of August 24, 2015, while she was walking to MetroHealth Hospital to visit a family member. As T.M. was walking eastbound on Storer Avenue toward West 25th Street, she observed Golson, whom she knew from the neighborhood, riding a bicycle on the other side of the street. Golson crossed the street, approached T.M., and demanded that she give him her cell phone. T.M. described the ensuing struggle:

> He just told me to shut up and drop the phone. And I told him that I wasn't going to drop the phone, and then he started going down my pants, and I was trying to fight him.
>
> And he's punching me with his left hand near my left eye. And then when he punched me on the right side, while he was trying to take my pants off is when I dropped my phone. And then after that, I don't remember what happened.

---

[1] Pursuant to Loc.R. 13.2(B)(1)(d) of the Eighth District Court of Appeals, we refer to the victim of a sexual offense by the victim's initials.

T.M. explained that Golson strangled her until she lost consciousness. When she awoke, she found that her pants and underwear had been removed and placed beside her on the ground. She also realized that she awoke several feet away from where she lost consciousness and that her cell phone was gone.

{¶4} T.M. was talking to her mother on the phone when Golson attacked her. After regaining consciousness, T.M. ran for help, and a man on the street allowed her to call her mother on his cell phone. Based on the conversation with her mother, T.M. estimated that she lost consciousness for approximately 20 minutes.

{¶5} T.M.'s sister met T.M. at the scene and accompanied her to MetroHealth Hospital where a rape kit was collected. Golson's DNA was not found in any of the evidence. However photographs taken at the hospital depicted swelling and bruising on the left side of T.M.'s face, particularly around the left eye. Several photographs showed T.M. wearing a neck brace. T.M. testified she wore the neck brace for a week and a half after the incident for neck support and pain relief.

{¶6} Based on T.M.'s testimony, the juvenile court found probable cause to believe that Golson committed the offenses alleged in the complaint. In accordance with R.C. 2152.12(C), the court ordered a psychological evaluation and investigation to determine Golson's amenability to juvenile rehabilitation.

{¶7} The investigating probation officer, Matthew Scarl ("Scarl"), testified at the amenability hearing that Golson had previously been adjudicated delinquent of two burglaries and one robbery. The burglaries were both second-degree felonies and the

robbery was a third-degree felony. Golson also had five prior misdemeanors, and two probation violations. Although Golson had never been sentenced to an Ohio Department of Youth Services ("ODYS") corrections facility, he had previously been placed in community correctional facilities after running away while he was on home detention and after violating probation for negative behavior.

{¶8} Golson's trial counsel argued that Golson demonstrated amenability to juvenile rehabilitation because he successfully completed the services offered by the juvenile court system. The state argued that although Golson completed the services, he failed to benefit from them as evidenced by the fact that he continues to reoffend, and his offenses have become increasingly violent. The juvenile court agreed with the state, concluded that Golson was not amenable to juvenile rehabilitation, and bound him over to the adult criminal court.

{¶9} Golson was subsequently indicted by a grand jury on one count of rape in violation of R.C. 2907.02(A)(2), one count of kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification, one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of aggravated robbery in violation of R.C. 2911.01(A)(3), and one count of robbery in violation of R.C. 2911.02(A)(2). Golson later pleaded guilty to one count of kidnapping with the sexual motivation specification, one count of felonious assault, and one count of aggravated robbery. The state dismissed the remaining charges and stipulated that the felonious assault and aggravated robbery charges merged for sentencing. The court sentenced Golson to ten years on the

kidnapping charge with the sexual motivation specification, and five years on the aggravated robbery charge, to be served consecutively. The court also imposed five years of postrelease control and classified Golson as a Tier II sex offender. Golson now appeals his sentence and Tier II sex offender classification.

## II. Law and Analysis

### A. Irrebuttable Presumption

{¶10} In the first assignment of error, Golson argues the trial court erred when it classified him as a Tier II sex offender as defined in R.C. 2950.01(F)(1). He contends the application of adult registration requirements to him, a juvenile offender, violates his constitutional right to due process because it creates an irrebuttable presumption that he is as culpable as adults who commit the same offense, which is not necessarily true of all juveniles.

{¶11} Golson failed to object to the constitutionality of applying adult sex-offender registration and notification requirements to him. An appellate court will generally "'not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at the time such error could have been avoided or corrected by the trial court.'" *State v. Martin*, 8th Dist. Cuyahoga No. 102783, 2016-Ohio-922, ¶ 12, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Thus, Golson forfeited the constitutional challenges to the application of adult sex-offender registration and notification requirements set forth in R.C. Chapter 2950 to him.

**{¶12}** "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' * * * Mere forfeiture, as opposed to waiver, does not extinguish an 'error.'" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Thus, we have discretion to consider a forfeited constitutional challenge to a statute, but review the trial court's decision for plain error. *Id.*, citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 377-378.

**{¶13}** In order to find plain error, it must be determined that (1) but for the error, the outcome of the proceedings clearly would have been different, and (2) reversal is necessary to correct a manifest miscarriage of justice. *Id.*, citing *State v. Davis*, 127 Ohio St.3d 268, 2010-Ohio-5706, 939 N.E.2d 147, ¶ 29; Crim.R. 52(B). The burden of demonstrating plain error is on the party asserting it. *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17. Additionally, "a forfeited constitutional challenge to a statute is subject to review 'where the rights and interests involved may warrant it.'" *Id.*, quoting *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

**{¶14}** Courts have no discretion in classifying adult sex offenders under R.C. Chapter 2950, the Adam Walsh Act. R.C. Chapter 2950 presumes that adults who commit certain sexually oriented offenses automatically pose a future threat to public safety. Thus, a sex offender's classification is automatically determined by the offense.

R.C. 2950.01(E)-(G). The duration of the offender's obligation to register his personal information, as well as the frequency with which he must report to authorities, depends on his level of classification. R.C. 2905.04 through 2950.07. A Tier II sex offender must register for 25 years and verify his address every 180 days. R.C. 2950.07(B)(2); R.C. 2950.06(B)(2).

{¶15} Juveniles adjudicated delinquent of a first-time sex offense through a juvenile disposition are not subject to automatic tier classifications. This is because the goal of Ohio's juvenile justice system is

> to provide for the care, protection, and mental and physical development of children, to protect the public from the wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship, or, * * * to supervise, care for and rehabilitate those children.

*In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 77, quoting *In re Caldwell*, 76 Ohio St.3d 156, 157, 666 N.E.2d 1367 (1996). In furtherance of these legislative purposes, the juvenile court must hold a hearing before classifying a juvenile sex offender. R.C. 2152.831. In determining the tier level of a juvenile sex offender, the juvenile court must consider, inter alia (1) the offender's age, (2) the offender's prior criminal or delinquency records, (3) the age of the victim or victims, (4) the nature of the sexually oriented offense, (5) whether the child has shown any genuine remorse for the offense, (6) the public interest and safety, and (7) the results of any treatment provided to the child and of any follow-up professional assessment of the child. R.C. 2152.83(D); R.C. 2950.11(K). Moreover, the juvenile court has discretion to decide the appropriate

tier level of a particular juvenile offender depending on the circumstances of the case; it is not automatic. *Id.*

{¶16} Golson argues the irrebuttable presumption that applies to adult sex offenders, i.e., that they pose a high risk of reoffending and therefore the public must be protected, should not apply to him because he was a juvenile at the time he committed the sexually oriented offense. He asserts there are "reasonable alternative means" set forth in R.C. 2152.82 through 2152.85, applicable to juvenile sex offenders, that should be applied to him instead.

{¶17} We previously addressed this argument in *State v. Martin*, 8th Dist. Cuyahoga No. 102783, 2016-Ohio-922. Martin was automatically classified as a Tier III sex offender as a result of his rape and kidnapping convictions with sexual motivation specifications. Martin argued that application of the irrebuttable presumption in R.C. Chapter 2950 to him, a juvenile, violated his constitutional right to due process.

{¶18} We rejected Martin's argument on grounds that he was not classified as a Tier III sex offender in the juvenile court; but in the adult criminal court. *Id*. at ¶ 18. We explained that "once a juvenile offender has been bound over to adult criminal court, the juvenile is no longer a 'child' pursuant to R.C. 2152.02(C)(4), and is subject to adult penalties." *Id*. at ¶ 19, citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829; *State v. Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, ¶ 72.

{¶19} Martin was bound over to the adult criminal court pursuant to the mandatory bindover provisions in R.C. 2152.12. This court recognized that "Martin's real contention

is with the mandatory bindover statute, * * * not the 'automatic and lifetime requirement of sex-offender registration and notification.'" *Martin* at ¶ 27. However, Golson was not subject to a mandatory bindover and had the benefit of a hearing to determine his amenability to the care and rehabilitation services of the juvenile system before being transferred to the adult criminal court. Before transferring Golson's case to the adult criminal court, the trial court held a hearing and determined there was probable cause that Golson committed the offenses alleged in the complaint as required by R.C. 2152.12(B).

{¶20} Having determined there was probable cause for the charges, the juvenile court ordered a psychological evaluation and investigation to determine Golson's amenability to juvenile rehabilitation and held an amenability hearing as required by R.C. 2152.12(C). Based on the investigative reports, the testimony of the investigating officer, and the arguments of counsel, the court concluded that Golson was not amenable to rehabilitation in the juvenile court. Golson does not challenge the propriety of the amenability hearing, the court's finding that he was not amenable to juvenile rehabilitation, or any other aspect of the discretionary bindover.

{¶21} Golson's right to due process was honored and protected by the discretionary bindover procedures followed by the juvenile court. Once Golson was transferred to the adult criminal court, he was no longer a "child" for purposes of juvenile rehabilitation and was lawfully subject to the adult sex offender classification. Therefore, even if Golson had objected to the constitutionality of applying R.C. Chapter 2950 to him, the outcome would not have been different.

**{¶22}** Accordingly, the first assignment of error is overruled.

### B. Cruel and Unusual Punishment

**{¶23}** In the second assignment of error, Golson argues the automatic classification that designated him a Tier II sex offender constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution. Again, Golson asserts the juvenile sex offender registration requirements under R.C. 2152.92 should be applied to him instead of the adult classifications set forth in R.C. Chapter 2950 because he was a juvenile at the time he committed the offense.

**{¶24}** In *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, the Ohio Supreme Court held that automatic, lifelong sex-offender registration and notification requirements on juvenile sex offenders *tried within the juvenile system* violate (1) the constitutional prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution, Article I, Section 9 of the Ohio Constitution, and (2) the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *Id*. at ¶ 1.

**{¶25}** However, as previously stated, Golson was no longer a "juvenile offender" once he was transferred to the adult criminal court. A juvenile offender is "one who remains under the authority of the juvenile court." *In re C.P.* at ¶ 45. Indeed, the court in *In re C.P.* explained that its holding only applies to sanctions imposed on juveniles who remain under the jurisdiction of the juvenile court. *Id*. at ¶ 28.

{¶26} Golson nevertheless argues that the trial court's automatic classification of him as a Tier II sex offender was unconstitutional because it is cruel and unusual to punish juvenile offenders as though they were adults. Golson cites three United States Supreme Court cases to support his argument. However, all the cases cited by Golson involve death or life sentences imposed on juveniles without the possibility of parole. *See Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (life sentence without possibility of parole is unconstitutional for juveniles convicted of a homicide offense); *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (capital punishment unconstitutional for juveniles); and *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (life sentence without possibility of parole is unconstitutional for juveniles convicted of a nonhomicide offense).

{¶27} In *Martin*, we held it is illogical to equate having to register as a sex offender with a death or life sentence without the possibility of parole. *Martin*, 8th Dist. Cuyahoga No. 102783, 2016-Ohio-922, at ¶ 21. Indeed, we concluded in *Martin* that an automatic sex offender classification of a juvenile bound over to the adult court does not constitute cruel and unusual punishment. *Id*. at ¶ 18-20.

{¶28} Accordingly, the second assignment of error is overruled.

## C. Ineffective Assistance of Counsel

{¶29} In the third assignment of error, Golson argues his Sixth Amendment right to effective assistance of counsel was violated because his trial counsel failed to object to the imposition of an adult classification on a juvenile offender.

**{¶30}** To establish a claim for ineffective assistance of counsel, Golson must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

**{¶31}** As previously stated, even if Golson's trial counsel had objected to the automatic Tier II classification, the outcome of the proceedings would not have been any different. Having been bound over to the adult criminal court, Golson was no longer a "juvenile offender," and was subject to the automatic sex offender classification laws applicable to adult sex offenders. *Martin*, 8th Dist. Cuyahoga No. 102783, 2016-Ohio-922, ¶ 19, citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829. *See also Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, ¶ 72.

**{¶32}** The adult criminal court has no discretion with respect to adult sex-offender classifications; the classifications are automatically determined by the offense. And since the automatic classification of a juvenile offender in the adult criminal court does not constitute cruel and unusual punishment, an objection on that basis would have been futile. *Id*. at ¶ 21.

**{¶33}** Therefore, the third assignment of error is overruled.

### D.   Credit for Time Served

**{¶34}** In the fourth assignment of error, Golson argues the trial court failed to give him credit for time served in the juvenile detention center and in the county jail pending resolution of the charges against him. He contends he is entitled to 308 days of jail-time credit.

**{¶35}** R.C. 2967.191 provides that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." Time spent in confinement includes time spent in detention awaiting transfer from the juvenile court to the adult court as well as time spent in the county jail awaiting trial and sentencing. *Id*.; *Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, at ¶ 84.

**{¶36}** The state concedes that Golson is entitled to 308 days of jail time credit.

**{¶37}** Therefore, the fourth assignment of error is sustained.

**{¶38}** The trial court's judgment sentencing Golson to an aggregate 15-year prison term and classifying Golson as a Tier II sex offender is affirmed. However, we remand the case to the trial court to grant Golson 308 days of jail-time credit.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR