[Cite as *State v. Carberry*, 2018-Ohio-1060.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170095 |
| | | TRIAL NO. B-1604243 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| THOMAS CARBERRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: March 23, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Office of the Ohio Public Defender* and *Timothy B. Hackett*, Assistant State Public Defender, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1} On May 9, 2016, in the Clermont County Juvenile Court, defendant-appellant Thomas Carberry was adjudicated delinquent for committing an act which, had it been committed by an adult, would have constituted the crime of rape, in violation of R.C. 2907.02. The matter was transferred to the Hamilton County Juvenile Court for disposition.

{¶2} While the disposition was pending, three complaints were filed in the Hamilton County Juvenile Court, each alleging that Carberry had committed an act which, had it been committed by an adult, would have constituted gross sexual imposition. The state requested that the juvenile court transfer Carberry's gross-sexual-imposition charges to the common pleas court for trial as an adult. Carberry waived probable cause, and the case was continued for a mental evaluation as required by Juv.R. 30. The juvenile court held consolidated hearings on the rape disposition and on Carberry's amenability to rehabilitation in the juvenile system. On the rape charge, the court committed Carberry to the Department of Youth Services for a minimum period of 12 months and a maximum not to exceed his attainment of the age of 21. The court found that Carberry was not amenable to rehabilitation in the juvenile system on the gross-sexual-imposition charges, and transferred them to the adult court.

{¶3} After being bound over, Carberry was indicted for three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). He pleaded guilty to one count of gross sexual imposition, and the other counts were dismissed. The parties agreed to a 30-month term of incarceration. The trial court imposed the agreed-upon 30-month sentence, with credit for 175 days served, and classified Carberry as a Tier II sex offender. Carberry has appealed.

{¶4} Carberry's first assignment of error alleges that the juvenile court abused its discretion and violated Carberry's due-process rights in transferring his gross-sexual-imposition cases to the common pleas court.

{¶5} "We review a juvenile court's determination regarding a child's amenability to rehabilitation in the juvenile system under an abuse-of-discretion standard." *State v. Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319, ¶ 38, citing *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 14. In determining whether the juvenile is amenable to rehabilitation in the juvenile system, the juvenile court is required to consider statutory factors that weigh in favor of, and against transfer of, the juvenile's case to the common pleas court. *Amos* at ¶ 38; *see* R.C. 2152.12(B)(3). "The factors weighing in favor of transfer are listed in R.C. 2152.12(D), while the factors weighing against transfer are listed in R.C. 2152.12(E)." *Amos* at ¶ 38, citing *State v. Dawson*, 1st Dist. Hamilton No. C-130765, 2015-Ohio-488, ¶ 12. In addition to the listed factors, the juvenile court is required to consider "any other relevant factors." R.C. 2152.12(D) and (E); *State v. Washington*, 1st Dist. Hamilton No. C-130213, 2014-Ohio-4178, ¶ 18. "In making its determination, the juvenile court need only identify those specific factors that were applicable and that it weighed in making its determination." *Amos* at ¶ 38, citing *Washington* at ¶ 19 and 23.

{¶6} The juvenile court ordered a mental evaluation, held a hearing, discussed on the record the factors weighing in favor of transferring jurisdiction, and recorded the factors on a worksheet attached to the entry transferring jurisdiction. Pursuant to R.C. 2152.12(D), the juvenile court indicated on the worksheet that it had found these factors weighing in favor of transfer: the victim suffered physical or psychological harm or serious economic harm; the victim's physical or psychological vulnerability or age exacerbated the physical or psychological harm; the child's

relationship with the victim facilitated the act charged; the child is emotionally, physically, or psychologically mature enough for transfer; and there is not sufficient time to rehabilitate the child within the juvenile system. The court did not find any R.C. 2152.12(E) factors weighing against transfer.

{¶7} The court considered the report of Dr. Kathleen Hart, a board-certified clinical child-and-adolescent psychologist. Dr. Hart concluded that Carberry was amenable to treatment in the juvenile system. But Dr. Hart also acknowledged that the court had factors to consider that fell outside the scope of her report, including the severity of the offenses, the availability of resources to address Carberry's rehabilitation needs, and the impact of Carberry's behavior on his victims.

{¶8} Carberry's victims were his five- and 12-year-old cousins, one of whom had cancer and was on medication that made her drowsy. The record shows that the juvenile court was very concerned that there was not sufficient time to rehabilitate Carberry in the juvenile system because he was 19-and-a-half years old at the time of the hearing. The court stated that Carberry was "mentally mature enough and physically mature enough and chronologically mature enough to go to the adult court." The court also considered that Carberry had no juvenile record other than the adjudication for rape in Clermont County.

{¶9} The record shows that the juvenile court complied with all the requirements for discretionary transfer. The court's amenability determination is supported by the record and evinces a sound reasoning process. We hold that the juvenile court did not abuse its discretion in transferring Carberry's gross-sexual-imposition cases to the common pleas court. *See Washington*, 1st Dist. Hamilton No. C-130213, 2014-Ohio-4178, at ¶ 26. The first assignment of error is overruled.

{¶10} Carberry's second assignment of error alleges that the common pleas court violated Carberry's constitutional rights to due process and to be free from

4

cruel and unusual punishment, when the court "automatically" classified him as a Tier II sex offender under R.C. Chapter 2950. Carberry argues that even though his cases were transferred to the common pleas court and he faced adult penalties for his crimes, his constitutional rights were violated when the court classified him as a Tier II sex offender pursuant to the adult classification system. He argues that because he was a juvenile when he committed the crimes, he should have been classified under the juvenile sex-offender-classification scheme.

{¶11} Carberry failed to object to his Tier II classification or to raise his constitutional challenges to the common pleas court. Therefore, he forfeited the constitutional challenges to the application of adult sex-offender classification and registration requirements. *See State v. Golson*, 8th Dist. Cuyahoga No. 104776, 2017-Ohio-4438, ¶ 11. But we have discretion to consider the forfeited constitutional challenges under a plain-error analysis. *Id.* at ¶ 12. To establish plain error, Carberry must show that but for the error, the outcome of the proceedings clearly would have been different, and reversal is necessary to correct a manifest injustice. *Id.* at ¶ 13, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.2d 900, and *State v. Davis*, 127 Ohio St.3d 268, 2010-Ohio-5706, 939 N.E.2d 147.

{¶12} R.C. 2152.02(C)(4) provides, "Except as otherwise provided * * * any person whose case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code shall be deemed after the transfer *not to be a child in the transferred case.*" (Emphasis added.) The Third, Fourth, Fifth, and Eighth Appellate Districts have held that once a juvenile offender has been properly bound over to the adult criminal court, or if the juvenile offender is being prosecuted after becoming an adult for offenses committed while he was a juvenile, the offender's classification under the adult sex-offender-classification scheme does not violate his

or her constitutional right to due process or right to be free from cruel and unusual punishment. *See Golson*, 8th Dist. Cuyahoga No. 104776, 2017-Ohio-4438; *State v. Stidham*, 2016-Ohio-7906, 74 N.E.3d 787 (4th Dist.); *State v. Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, *appeal not accepted*, 149 Ohio St.3d 1431, 2017-Ohio-4396, 76 N.E.3d 1207; *State v. Martin*, 2016-Ohio-922, 61 N.E.3d 537 (8th Dist.), *appeal not accepted*, 146 Ohio St.3d 1471, 2016-Ohio-5108, 54 N.E.3d 1269; *State v. Reidenbach*, 5th Dist. Coshocton No. 2014CA0019, 2015-Ohio-2915, *appeal not allowed*, 144 Ohio St.3d 1476, 2016-Ohio-467, 45 N.E.3d 243.

{¶13} Carberry's right to due process was protected by the discretionary bindover procedure, which the juvenile court followed. *See Golson* at ¶ 21; *Reidenbach* at ¶ 33. Once his cases were properly transferred to the adult criminal court, Carberry was no longer a "child" under R.C. 2152.02(C)(4), and he was subject to the adult sex-offender classification scheme. *Id.* Further, because Carberry was no longer a "juvenile offender" once he had been bound over, his "automatic classification" as a sex offender by the common pleas court did not constitute cruel and unusual punishment. *See Golson* at ¶ 27; *Martin* at ¶ 21; *Reidenbach* at ¶ 33.

{¶14} Carberry has failed to demonstrate plain error in his classification as a Tier II sex offender. The second assignment of error is overruled.

{¶15} Carberry's third assignment of error alleges that he was denied the effective assistance of counsel. To establish that counsel was ineffective, Carberry must show that his counsel's performance was deficient and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, Carberry must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

6

{¶16} Carberry argues that counsel was ineffective in failing "to move for dismissal based on the juvenile court's arbitrary and unreasonable relinquishment of jurisdiction" and "to object to [Carberry's] classification as a [T]ier II sex offender registrant as defined in R.C. 2950.01(F)(1)." We have held under the first and second assignments of error that the juvenile court did not abuse its discretion in transferring Carberry's cases to the common pleas court and that Carberry's constitutional rights were not violated by his classification as a Tier II sex offender by the common pleas court. Therefore, Carberry cannot demonstrate ineffective assistance of counsel. The third assignment of error is overruled.

{¶17} Carberry's fourth assignment of error alleges that the trial court erred in crediting Carberry with "only 175 days of jail time credit." In the trial court, the parties agreed that Carberry was entitled to 175 days of credit, and the trial court credited Carberry with 175 days. Carberry now argues that he is entitled to 354 days of jail-time credit. The state disagrees that Carberry is entitled to 354 days of credit, but concedes that the 175-day credit is incorrect and argues that he is entitled to only 12 additional days of credit.

{¶18} In *State v. Washington*, 1st Dist. Hamilton No. C-140315, 2015-Ohio-1815, ¶ 9, we stated,

> Jail-time credit is prescribed by R.C. 2967.191, which authorizes a trial court to give a defendant credit for the total number of days that he was "confined for any reason arising out of the offense for which he was convicted and sentenced." The trial court is required to include the amount of jail-time credit in the sentencing entry. *See* R.C. 2929.19(B)(1)(g)(i); Ohio Adm.Code 5120-2-04(6). An offender may challenge the amount of jail-time credit on direct appeal. *See* [*State v.*] *Morgan*, 1st Dist. Hamilton No. C-140416, 2014-Ohio-5325[,] at ¶

7

5. A trial court commits plain error when it fails to include the appropriate amount of jail-time credit in the sentencing entry. *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 9.

{¶19} The parties agree on appeal that Carberry was not given the proper amount of jail-time credit, although they disagree on the amount Carberry was entitled to receive. The trial court had the duty to determine and include in the sentencing entry the proper amount of jail-time credit. R.C. 2929.19(B)(1)(g)(i). The fourth assignment of error is sustained to the extent it challenges the amount of jail-time credited to Carberry. The cause must be remanded for the trial court to determine the proper amount of jail-time credit to which Carberry is entitled.

{¶20} The judgment of the juvenile court transferring Carberry's cases to the common pleas court is affirmed. The portion of the common pleas court's judgment awarding Carberry 175 days of jail-time credit is reversed, and this cause is remanded for the court to determine the proper amount of jail-time credit to which Carberry is entitled. The common pleas court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:
The court has recorded its own entry this date.