[Cite as *State v. Bell*, 2018-Ohio-2643.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105735

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### MICHEAL A. BELL

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607280-A

**BEFORE:** Jones, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 5, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

BY: Paul Kuzmins
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Sean Kilbane
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant Micheal A. Bell ("Bell") appeals from the portion of the trial court's judgment labeling him a Tier II sexual offender. For the reasons that follow, we affirm.

**{¶2}** In the summer of 2016, Bell was charged with two counts each of kidnapping, gross sexual imposition, and attempted gross sexual imposition. The victims were his girlfriend's daughters. The older child, who was 11 years of age at the time, stated that Bell would come into the girls' bedroom at night and touch them on their buttocks. The younger child denied that anything happened. Bell denied that any crimes — relative to both victims — occurred.

**{¶3}** After negotiations with the state, Bell pleaded guilty to two amended counts of gross sexual imposition in exchange for the remaining counts being nolled; his attorney characterized it as an *Alford* plea.[1] The trial court sentenced him to 180 days in jail, with 89-90 days credit for time served, and an additional six-month term of confinement at a facility. The trial court also sentenced Bell to five years of community control sanctions, and labeled him a Tier II sex offender. Bell now appeals, setting forth the following assignment of error for our review: "Mandatory sex offender classifications constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution."

**{¶4}** The Eighth Amendment to the United States Constitution states, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." "Central to the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 25, quoting *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910). Article I, Section 9 of the Ohio

---

[1]Under the authority of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), "[a]n Alford plea is a plea of guilty with a contemporaneous protestation of innocence." *State v. White*, 11th Dist. Lake No. 2002-L-146, 2004-Ohio-6474, ¶ 44.

Constitution contains its own prohibition against cruel and unusual punishment.

{¶5} Cases involving cruel and unusual punishment are rare, "limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). "A punishment does not violate the constitutional prohibition against cruel and unusual punishments, if it be not so greatly disproportionate to the offense as to shock the sense of justice of the community." *State v. Chaffin*, 30 Ohio St.2d 13, 282 N.E.2d 46 (1972), paragraph three of the syllabus.

{¶6} Courts have no discretion in classifying adult sex offenders under the Adam Walsh Act, which is codified in R.C. Chapter 2950. *State v. Golson*, 8th Dist. Cuyahoga No. 104776, 2017-Ohio-4438, ¶ 14. "R.C. Chapter 2950 presumes that adults who commit certain sexually oriented offenses automatically pose a future threat to public safety. Thus, a sex offender's classification is automatically determined by the offense. R.C. 2950.01(E)-(G)." *Id.*

{¶7} The Ohio Supreme Court addressed the constitutionality of the Adam Walsh Act as applied to adults in *State v. Blakenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516. In *Blakenship*, the defendant was convicted of one count of unlawful sexual conduct with a minor. A psychologist who evaluated the defendant characterized him as not exhibiting any of the indicators of a sex offender and concluded that the defendant's risk of reoffending was low. The trial court nonetheless labeled the defendant as a Tier II sex offender.

{¶8} On appeal, the defendant contended that the Tier II sex-offender requirements imposed on him violated the prohibition of the Eighth Amendment to the United States Constitution against cruel and unusual punishment. The court disagreed with the defendant, holding that the

registration and address-verification requirements for Tier II offenders under R.C.

> Chapter 2950 do not constitute cruel and unusual punishment in violation of either the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution. The Tier II registration requirements do not meet the high burden of being so extreme as to be grossly disproportionate to the crime or shocking to a reasonable person.

*Id.* at ¶ 38.

{¶9} Bell's citation to *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, is misplaced. *In re C.P.* involved a juvenile, not an adult. In addressing the registration and notification requirements of a juvenile sex offender who was under the jurisdiction of juvenile court, the Ohio Supreme Court explained that there are some "categorical rules prohibiting certain punishments for juveniles." *Id.* at ¶ 28. The court explained in *Blakenship*, however, that *In re C.P.* does not apply to adult sex offender registration and notification cases; the court explained that it was "not persuaded that this longstanding distinction between the culpability of juveniles and adults, even young adults, should be set aside in this case." *Blakenship* at ¶ 23.

{¶10} Thus, under the authority of *Blakenship*, Bell's sole assignment of error is without merit.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR