[Cite as *State v. Carberry*, 2019-Ohio-3303.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180540<br>TRIAL NO. B-1604243 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| THOMAS CARBERRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 16, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Office of the Ohio Public Defender* and *Timothy B. Hackett*, Assistant State Public Defender*,* for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}    Following a guilty plea, defendant-appellant Thomas Carberry was convicted of one count of gross imposition ("GSI") under former R.C. 2907.05(A)(4). He was sentenced to 30 months in prison.  At that time, both the state and Carberry agreed that he was entitled to 175 days of jail-time credit, and the trial court awarded him that amount.

{¶2}    Carberry appealed that conviction.  He contended that he was entitled to 354 days of credit, although he had agreed with the 175 day figure at the time.  The state agreed that Carberry was not given the proper amount of jail-time credit, but it contended that he was only entitled to an additional 13 days of credit, for a total of 188 days.  In *State v. Carberry*, 1st Dist. Hamilton No. C-170095, 2018-Ohio-1060, we affirmed his conviction in most respects.  But, because the parties agreed that the award of 175 days of credit was incorrect, we remanded the case for the trial court to determine the proper amount of jail-time credit.  *Id.* at ¶ 17-20.

{¶3}    On remand, the trial court awarded Carberry 188 days of credit, and he has appealed from the trial court's judgment.  In his sole assignment of error, Carberry contends that the trial court erred when it granted him only 13 additional days of jail-time credit.  He argues that he is entitled to credit for time that he spent in juvenile commitment before he was bound over to the common pleas court. Therefore, he contends, he was entitled to 354 days of credit.  This assignment of error has merit, but we do not agree that he was entitled to credit for the entire period of 354 days.

{¶4}    First, we note that it does not matter that Carberry originally agreed to 175 days credit.  This court has stated that a trial court commits plain error when it fails to include the appropriate amount of jail-time credit in the sentencing entry. *State v. Washington*, 1st Dist. Hamilton No. C-140315, 2015-Ohio-1815, ¶ 9.

2

{¶5} Former R.C.2967.191 authorized the trial court to give a defendant credit for the total number of days that he was "confined for any reason arising out of the offense" for which he was convicted and sentenced. Thus, prisoners must be given credit for the time they have been confined for reasons arising out of the offense for which they are convicted and sentenced, including the time they are confined awaiting trial. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 NE.2d 440, ¶ 7-8; *State v. Klein*, 1st Dist. Hamilton Nos. C-040176 and C-040224, 2005-Ohio-1761, ¶ 26. But prisoners are not entitled to credit for any period of incarceration that arises from facts separate from those upon which their current sentence is based. *Klein* at ¶ 26.

{¶6} Further, the Ohio Supreme Court has made clear that under former R.C. 2152.18(B), a juvenile is entitled to receive credit for the time the juvenile was confined in connection with the delinquent-child complaint upon which an order of commitment is based. *In re D.S.*, 148 Ohio St.3d 390, 2016-Ohio-7369, 71 N.E.3d 223, ¶ 15. In other words, "Judges must grant confinement credit under R.C. 2152.18(B) if the confinement stems from an original complaint and is sufficiently linked to the adjudication of the charges upon which the juvenile court orders commitment." *Id.* at ¶ 22; *In re J.D.*, 5th Dist. Richland No. 17CA42, 2018-Ohio-1823, ¶ 20.

{¶7} In *In re D.S.*, the state filed a complaint alleging that the juvenile was delinquent for committing acts that would have constituted two counts of aggravated robbery with accompanying firearm specifications if committed by an adult. All of those charges arose from a single incident. Subsequently, the juvenile court transferred the case to the general division of the common pleas court. The juvenile remained in juvenile detention until his transfer to the county jail.

{¶8} In the common pleas court, the state moved to dismiss the indictment based on an agreement with the juvenile, in which the juvenile was to plead

delinquent to one count of robbery with an accompanying firearm specification. The common pleas court granted the motion. Upon return of the case to juvenile court, the judge conducted an adjudicatory hearing and accepted the juvenile's admission to the charge of robbery with the specification. In doing so, the judge categorized the case as "refiling, an amended filing of what was originally filed * * * ."

{¶9} The juvenile court failed to award the juvenile credit for any time during which he was confined before commitment. The Ohio Supreme Court reversed, stating that the entire period during which the juvenile was confined was in connection with the original juvenile complaint and that he was entitled to credit for that time of confinement. *In re D.S.*, 148 Ohio St.3d 390, 2016-Ohio-7369, 71 N.E.3d 223, at ¶ 24.

{¶10} Though Carberry's case is slightly different in that he was never returned to the juvenile court, it is clear that he is entitled to credit for some of the time he spent in juvenile detention in connection with the offense for which he was ultimately convicted. But, we disagree that he was entitled to credit back to February 26, 2016, as he now argues.

{¶11} The record shows that on February 26, 2016, a complaint was filed in the Clermont County Juvenile Court alleging that Carberry was delinquent for an act that would have constituted rape if committed by an adult. He was adjudicated delinquent in the Clermont County court on May 9, 2016, and the case was transferred to Hamilton County for disposition.

{¶12} On June 1, 2016, while disposition in the rape case was pending, three complaints were filed in Hamilton County Juvenile Court, each alleging that Carberry had committed an act which, if committed by an adult, would have constituted gross sexual imposition. On July 28, 2016, the juvenile court held a consolidated hearing involving disposition of the rape case and Carberry's amenability to rehabilitation in the juvenile system on the GSI charges. The court

4

found that Carberry was not amenable to rehabilitation in the juvenile system on the GSI charges and transferred them to adult court. On the rape charge, the court committed Carberry to the Department of Youth Services for a minimum period of 12 months and a maximum period not to exceed his attainment of the age of 21.

{¶13} After being bound over, Carberry was indicted on three counts of GSI in violation of former R.C. 2907.05(A)(4). He pleaded guilty to one count and the other two counts were dismissed.

{¶14} Carberry was entitled to credit from June 1, 2016, the day on which the GSI complaints were filed. After that time, he was confined related to the offense for which he was ultimately convicted and sentenced. But he was not entitled to any credit for time before that date when he was being held solely on the rape charge that originated in Clermont County. The time he was held solely on the rape charge "arose from facts separate and apart from those on which his current sentence is based." *See State v. Washington*, 1st Dist. Hamilton No. C-150462, 2006-Ohio-4790, ¶ 7, quoting *State v. Logan*, 71 Ohio App.3d 292, 300, 593 N.E.2d 395 (10th Dist.1991).

{¶15} Consequently, we sustain Carberry's assignment of error. We reverse the trial court's judgment awarding him 188 days of jail-time credit. We remand the cause to the trial court to make a factual determination of the amount of jail-time credit to which he is entitled starting from June 1, 2016.

Judgment reversed and cause remanded.

**MYERS AND BERGERON, JJ.,** concur.

Please note:
    The court has recorded its own entry this date.

5