[Cite as *State v. Williams*, 2020-Ohio-3706.]

# 0IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190382 |
| | | TRIAL NO. B-160122 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JAMES WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:    Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: July 15, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James Williams*, pro se.

**MYERS, Presiding Judge.**

{¶1}     Defendant-appellant James Williams appeals the trial court's judgment denying his motion for additional jail-time credit.  Because the record does not establish that Williams is entitled to additional days of jail-time credit, we affirm the trial court's judgment.

### *Factual Background*

{¶2}     Williams was indicted on two counts of aggravated vehicular homicide and two counts of operating a vehicle while under the influence of alcohol or drugs.  Williams had been incarcerated in Arizona, and he was extradited from Arizona to Ohio to stand trial for these offenses.  Following a jury trial, Williams was found guilty of both counts of aggravated vehicular homicide and one count of operating a vehicle under the influence of alcohol or drugs.  The offenses were merged at sentencing into one count of aggravated vehicular homicide, and Williams was sentenced to eight years in prison.[1]  The trial court awarded Williams 578 days of jail-time credit.  This included 563 days of credit for time he was incarcerated in the Justice Center while awaiting trial, and 15 days of credit for his time in transport from Arizona to Ohio.

{¶3}     The following discussion occurred at the sentencing hearing regarding the amount of jail-time credit to be awarded:

Defense Counsel:  He's now been locked up in the Justice Center for

563 days, Your Honor.

\*     \*     \*

---

[1] This court affirmed Williams's conviction in *State v. Williams*, 1st Dist. Hamilton No. C-180574, 2020-Ohio-1367.

The Court: Are you including in that his time in transport back from Arizona?

Defense Counsel: I had spoken with jail records. They are trying to figure out what the true number is. I would say, in the Justice Center, it's 563 days. There may be additional time from time spent in Arizona. He might even get credit for the time that he was locked up in Arizona in addition to—

The Court: He wouldn't get credit for the Arizona time, but he might get a couple days of transport.

Defense Counsel: This is true. I was talking to records about the Arizona time.

\* \* \*

The Court: Credit 563 days, plus transit time from Arizona.

{¶4} Williams filed a motion for additional days of jail-time credit. He sought credit for the time that he was incarcerated in Arizona from July 29, 2016, until February 20, 2017, and for his time in transport from Arizona to Ohio (for which, as set forth in the discussion above, the trial court had already awarded him 15 days of jail-time credit). The trial court denied Williams's motion.

### *Jail-Time Credit*

{¶5} In a single assignment of error, Williams argues that the trial court abused its discretion by failing to provide proper jail-time credit.

{¶6} R.C. 2967.191 provides that an offender's sentence shall be reduced:

by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting

3

trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, * * * and confinement in a juvenile facility.

A trial court is required at the sentencing hearing to calculate, notify the offender of, and include in the sentencing entry the number of days that the offender was confined "for any reason arising out of the offense for which the offender is being sentenced" and by which the offender's prison term must be reduced. R.C. 2929.19(B)(2)(g)(i).[2]

{¶7} While an offender is entitled to credit for any time that she or he was confined for any reason relating to the offense for which she or he was convicted and sentenced, an offender is not entitled to credit for time confined that arose "from facts separate from those upon which their current sentence is based." *State v. Carberry*, 1st Dist. Hamilton No. C-180540, 2019-Ohio-3303, ¶ 5.

{¶8} Williams seeks additional days of jail-time credit for the time that he was incarcerated in Arizona and for the time that he spent in transport back to Ohio. The trial court has already awarded Williams 15 days of credit for his time spent in transit from Arizona. Williams is only entitled to credit for the time that he was incarcerated in Arizona if that time related solely to his conviction for aggravated vehicular homicide. The record before this court does not demonstrate why Williams was incarcerated in Arizona. He attached to his motion for jail-time credit a document from an Arizona court dated July 29, 2016, captioned "Appearance Order With Release Conditions." This document indicated that Williams had charges pending in Ohio, referenced bond, and indicated that Williams had an upcoming

---

[2] Both R.C. 2967.191 and R.C. 2929.19 were amended while this case was pending. We apply the versions of the statutes in effect at the time that the offense was committed. *State v. Hudson*, 1st Dist. Hamilton No. C-170681, 2019-Ohio-3497, ¶ 15, fn. 1.

review hearing scheduled. A presentence investigation report prepared for the trial court for Williams's sentencing on the aggravated-vehicular-homicide charge indicated that he was convicted of drug offenses in Arizona on July 29, 2016.

{¶9} Because there is nothing in the record from which this court can determine why Williams was confined in Arizona, specifically whether he was confined on the warrant issued in the case at bar or on separate charges in Arizona, he has failed to meet his duty to establish an error in the trial court's calculation of jail-time credit. *State v. Myers*, 10th Dist. Franklin Nos. 19AP-178 and 19AP-180, 2019-Ohio-4592, ¶ 16 (a defendant challenging the trial court's calculation of jail-time credit bears the burden of demonstrating an error in the jail-time credit calculation); *State v. Evans*, 2d Dist. Montgomery No. 21751, 2007-Ohio-4892, ¶ 12-13 (the defendant failed to meet his duty to portray error in the record where there was nothing in the record from which the court could resolve the factual issue of whether the defendant was confined on unrelated charges or the charge being appealed).

{¶10} Williams's assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.


**BERGERON** and **WINKLER, JJ,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.