IN RE M.P.

[Cite as *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599.]

*Juvenile delinquency — Bindover order — R.C. 2152.10, 2152.12, and 2945.67(A) — Juv.R. 30 — Appealability of denial of discretionary bindover on finding of amenability to care or rehabilitation within juvenile system.*

(No. 2008-1562 — Submitted October 21, 2009 — Decided February 25, 2010.)

APPEAL from the Court of Appeals for Hardin County, No. 6-08-09.

_____

SYLLABUS OF THE COURT

An order of a juvenile court denying a motion for a discretionary juvenile bindover in a delinquency proceeding because the court finds that the child is amenable to care or rehabilitation within the juvenile system is not a final order from which the state may appeal as a matter of right.

_____

CUPP, J.

{¶ 1} This case presents the question whether the judgment of a juvenile court that denies a motion for discretionary bindover of a child to the general division of the common pleas court for prosecution as an adult because the court finds that the child is amenable to care or rehabilitation within the juvenile system is a final order from which the state may appeal as a matter of right. We conclude that it is not and therefore affirm the court of appeals' judgment.

{¶ 2} This case arises from a delinquency complaint filed in the juvenile court alleging that a 15-year-old child murdered her mother. The state filed with the juvenile court a motion for a discretionary bindover to transfer jurisdiction of the case to the common pleas court to prosecute the child as an adult.

**{¶ 3}** After holding a preliminary hearing on the state's motion, the juvenile court found that there was probable cause to believe that the child had committed the act charged. Thereafter, a full investigation took place, and the court found after an amenability hearing that the child was amenable to care and rehabilitation in the juvenile system. The court denied the state's discretionary-bindover motion.

**{¶ 4}** The state sought leave to appeal the juvenile court's denial of its discretionary-bindover request pursuant to App.R. 5(C). The appellate court denied the state's request for leave to appeal. *In re M.P.* (June 25, 2009), Hardin App. No. 6-08-09.

**{¶ 5}** The state appealed to this court, and we accepted review under our discretionary jurisdiction.[1] 120 Ohio St.3d 1452, 2008-Ohio-6813, 898 N.E.2d 967.

**{¶ 6}** After the state filed its jurisdictional request in this case, but before we accepted jurisdiction, we decided *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629. In *A.J.S.*, we held at the syllabus:

**{¶ 7}** "The order of a juvenile court denying a motion for mandatory bindover bars the state from prosecuting a juvenile offender as an adult for a criminal offense. It is therefore the functional equivalent of a dismissal of a criminal indictment and constitutes a final order from which the state may appeal as a matter of right."

**{¶ 8}** In reaching this conclusion, we relied on the statute that specifically governs appeals by the state in criminal and juvenile delinquency proceedings. Id. at ¶ 30, 33. This statutory provision is R.C. 2945.67(A), which provides:

---

1. When we accepted this discretionary appeal, we accepted seven propositions of law. After consideration of this matter and of our resolution of the first proposition of law, we dismiss the remaining propositions of law as having been improvidently accepted.

{¶ 9} "A prosecuting attorney * * * may appeal as a matter of right * * * any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, * * * of the juvenile court in a delinquency case."

{¶ 10} The state urges this court to apply the rationale used in *A.J.S.* to allow appeals as a matter of right by the state from juvenile court decisions in which discretionary-bindover requests are denied because the court concludes that the child is amenable to care and rehabilitation in the juvenile system, even though the court also finds probable cause to believe that the child committed the act charged. Because of the important difference between mandatory-bindover and discretionary-bindover proceedings, we decline the state's invitation.

{¶ 11} Juvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult. R.C. 2151.23(A). Under certain circumstances, however, the juvenile court has the duty to transfer a case, or bind a juvenile over, to the adult criminal system. R.C. 2152.10 and 2152.12. When the state requests a mandatory bindover, the juvenile court determines whether the child is eligible for mandatory bindover according to the child's age, the nature of the act, and other circumstances, and whether probable cause exists to believe that the juvenile committed the act charged. R.C. 2152.10(A) and 2152.12(A)(1); Juv.R. 30(A). If the child is eligible for mandatory bindover and if probable cause exists to believe that the juvenile did commit the acts charged, the only procedural step remaining is for the court to enter the order of transfer. Juv.R. 30(B).

{¶ 12} When the state requests a discretionary bindover, the juvenile court is also to determine the age of the child and whether probable cause exists to believe that the juvenile committed the act charged. R.C. 2152.10(B) and 2152.12(B)(1) and (2). However, if probable cause exists and the child is eligible

by age, the juvenile court must then continue the proceeding for a full investigation. R.C. 2152.12(C) and Juv.R. 30(C). This investigation includes a mental examination of the child, a hearing to determine whether the child is "amenable to care or rehabilitation within the juvenile system" or whether "the safety of the community may require that the child be subject to adult sanctions," and the consideration of 17 other statutory criteria to determine whether a transfer is appropriate. Juv.R.30(C); R.C. 2152.12(B), (C), (D), and (E).

{¶ 13} In a mandatory-bindover proceeding, when a juvenile court determines that no probable cause exists to believe that the juvenile committed the act charged, the court's finding is the "functional equivalent of a dismissal of a criminal indictment and constitutes a final order from which the state may appeal as a matter of right" under R.C. 2945.67(A). *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, syllabus. Because the issue whether the state presented sufficient evidence to demonstrate probable cause to believe that the juvenile committed the act charged is a question of law, an appellate court applies a de novo review. Id. at ¶ 47, 51.

{¶ 14} The issue whether the same rule obtains in a *discretionary*-bindover proceeding when the juvenile court determines that no probable cause exists is not presented in this case. Here, the court determined that probable cause did exist to believe that the child committed the act charged, and the question presented is the appealability of the court's order that nevertheless denied the state's requested discretionary bindover because the court concluded that the child was amenable to care or rehabilitation in the juvenile system. In contrast to the probable-cause inquiry, an amenability hearing is a broad assessment of individual circumstances and is inherently individualized and fact-based. Thus, a juvenile court's determination regarding a child's amenability to rehabilitation in the juvenile system is reviewed by an appellate court under an abuse-of-discretion standard. Id. at ¶ 39, 40; see also *State v. Golphin* (1998), 81 Ohio St.3d 543,

4

546, 692 N.E.2d 608; *State v. Watson* (1989), 47 Ohio St.3d 93, 95, 547 N.E.2d 1181; *State v. Douglas* (1985), 20 Ohio St.3d 34, 36-37, 20 OBR 282, 485 N.E.2d 711; *State v. Carmichael* (1973), 35 Ohio St.2d 1, 64 O.O.2d 1, 298 N.E.2d 568, paragraphs one and two of the syllabus.

{¶ 15} Based on the foregoing, it is apparent that under the statute, juvenile court decisions regarding a child's amenability to care or rehabilitation within the juvenile system are different from probable-cause determinations. The legal effects of such determinations are also different. In contrast to a probable-cause determination, a denial of a discretionary-bindover request on the basis of amenability does not necessitate dismissal of any of the charges in the complaint. Rather, the juvenile court retains jurisdiction of the case, the complaint continues as it was filed, and if appropriate, the child is prosecuted as a serious youthful offender under R.C. 2152.11. If the child is adjudicated a serious youthful offender, the child may receive both a disposition as a child, to be served while the child is under 21 years of age, and a suspended adult sentence, to be served after the child attains the age of 21 years and only if the child violates set conditions or institutional rules in such a way as to impede rehabilitation. R.C. 2152.13 and 2152.14.

{¶ 16} Accordingly, the rationale of *A.J.S.* does not apply to control the outcome of a case in which the juvenile court found that there is probable cause to believe that the child committed the act charged but also determined that the child is amenable to care or rehabilitation in the juvenile system. When a discretionary-bindover request is denied in these circumstances, there is no "functional equivalent of a dismissal of a criminal indictment" and there is no authority under R.C. 2945.67(A) for the state to appeal as a matter of right. R.C. 2945.67(A). Therefore, any appeal must be by leave of the court. App.R. 5(C).

{¶ 17} For the foregoing reasons, we hold that an order of a juvenile court denying a motion for a discretionary juvenile bindover in a delinquency

proceeding because the court finds that the child is amenable to care or rehabilitation within the juvenile system is not a final order from which the state may appeal as a matter of right.

{¶ 18} The judgment of the court of appeals is affirmed, and the cause is remanded to the trial court.

Judgment affirmed

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

_____

Bradford W. Bailey, Hardin County Prosecuting Attorney, and Collen P. Limerick, Assistant Prosecuting Attorney, for appellant, state of Ohio.

Timothy Young, Ohio Public Defender, and Elizabeth R. Miller, Assistant Public Defender, for appellee, M.P.

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara A. Farnbacher and Laura R. Swisher, Assistant Prosecuting Attorneys, urging reversal on behalf of amicus curiae, Ohio Prosecuting Attorneys Association.

_____