[Cite as *State v. D.F.*, 2014-Ohio-1820.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos. 13-CA-31 & 13-CA-32 |
| | : | Consolidated |
| D.F. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
                             of Common Pleas, Juvenile Division,
                             Case Nos. 2012-DL-0326 & 2012-CR-
                             0484


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      April 22, 2014


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

GREGG MARX                              WILLIAM J. HOLT
FAIRFIELD COUNTY PROSECUTOR             P.O. Box 2252
                                        2140 Granville Pike
ZOE A. LAMBERSON                        Lancaster, OH 43130
239 W. Main St., Suite 101
Lancaster, OH 43130

*Delaney, J.*

{¶1} Defendant-Appellant D.F. appeals the October 23, 2012 Transfer of Jurisdiction and the March 5, 2013 Judgment Entry of Sentence.

## FACTS AND PROCEDURAL HISTORY

{¶2} On September 9, 2012, Defendant-Appellant D.F. was being held at the Multi-County Juvenile Detention Center in Fairfield County, Ohio. D.F. tampered with a sprinkler head in his cell that caused the full activation of the sprinkler system. The activation of the sprinkler system required the Lancaster Fire Department to respond to the Multi-County Juvenile Detention Center and caused a three-hour evacuation of the juveniles housed in the area.

{¶3} D.F.'s date of birth is May 5, 1995.

{¶4} On September 24, 2012, Plaintiff-Appellee State of Ohio filed a complaint in the Fairfield County Court of Common Pleas, Juvenile Division, alleging that D.F. was a delinquent child by virtue of committing acts that would be the offense of one count of vandalism, a felony of the fifth degree in violation of R.C. 2909.05(B)(1)(a), if the acts were committed by an adult. The State also filed a Motion to Transfer Jurisdiction to the General Division of the Fairfield County Court of Common Pleas for criminal prosecution.

{¶5} On October 19, 2012, the juvenile court held a probable cause hearing. At the time of the hearing, D.F. was 17 ½ years old. D.F. was represented by counsel at the hearing. A guardian ad litem had also been appointed for D.F. Counsel for D.F. stated at the hearing that D.F. received a copy of the complaint. Counsel met with D.F. and discussed the State's request that he be bound over to the General Division of the

Common Pleas Court. (T. 3). Counsel also discussed the matter with D.F. in the presence of his GAL. (T. 3). Counsel stated that D.F. indicated his desire to waive the probable cause hearing and stipulate there was probable cause on the vandalism charge. (T. 3). D.F. also wanted to waive the mental health evaluation and consented to a finding that he was not amenable to the juvenile system. (T. 3). The GAL stated she believed D.F.'s waiver was knowing and voluntary. (T. 4). The juvenile court also questioned D.F. about his decisions to waive the probable cause hearing, the mental health evaluation, and any further investigation into his background and juvenile record for purposes of the amenability hearing. (T. 5, 6).

{¶6} The State recited the facts for the basis of the complaint. The juvenile court again inquired whether D.F. was stipulating there was probable cause to believe that D.F. committed the offense. D.F. responded that he was so stipulating. (T. 11). The juvenile court found D.F. knowingly and voluntarily stipulated to the probable cause of vandalism and that he was 17 years of age. (T. 12).

{¶7} The juvenile court moved directly to the amenability hearing. The State argued the juvenile court has used many different resources to try to rehabilitate D.F. D.F. has been on probation with the juvenile court since July 12, 2007. He has been in foster care, spent days in detention, attended counseling services, placed in the Perry County CRC program, completed the LABOR program, attended alternative school, and spent six months in the Department of Youth Services. (T. 13). The State argued D.F. did not utilize the services to any reasonable degree. (T. 14). D.F.'s parole officer also recommended that D.F. be transferred to the General Division. (T. 14).

{¶8} The juvenile court found D.F. was not amenable to the care or rehabilitation in any facility for the care, supervision and rehabilitation of delinquent children and that the safety of the community might require that D.F. be placed under legal constraint beyond the age of majority. (T. 20). The trial court transferred D.F. to the General Division for further proceedings.

{¶9} On October 23, 2012, the juvenile court journalized its findings. It found D.F. was older than 14 years old at the time of the acts charged and there was probable cause to believe D.F. committed the acts charged. It next determined, pursuant to the factors found in R.C. 2152.12, the applicable factors outweighed the factors against transfer. The juvenile court ordered D.F. be transferred to the General Division for prosecution for one count of vandalism.

{¶10} D.F. was indicted on one count of vandalism in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree. On February 22, 2013, the common pleas court held the sentencing hearing. D.F. pleaded no contest to the charge. By judgment entry filed March 5, 2013, the common pleas court found D.F. guilty. It sentenced D.F. to a prison term of nine months. The court suspended the prison term for a 24-month period of community control.

{¶11} It is from these judgments D.F. now appeals.

## ASSIGNMENTS OF ERROR

{¶12} D.F. raises two Assignments of Error:

{¶13} "I. THE JUVENILE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶14} "II. THE TRIAL COURT FAILED [TO] COMPLY WITH OHIO REVISED CODE §§ 2152.12(B)(3), AND SUCH FAILURE WAS A DENIAL OF DUE PROCESS AND PREJUDICIAL."

{¶15} D.F. also filed a notice of appeal for the March 5, 2013 judgment entry of the Fairfield County Court of Common Pleas, General Division, sentencing D.F. to nine months in prison, suspended. D.F. has not raised any Assignments of Error as to that judgment. We therefore will not address the March 5, 2013 judgment entry pursuant to App.R. 16 and App.R. 12.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

{¶16} D. F. argues in his first Assignment of Error that he was denied effective assistance of trial counsel. We disagree.

{¶17} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690. The

defendant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690.

{¶18} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶19} D.F. argues his trial counsel was ineffective because his counsel failed to advocate on his behalf. He states that his counsel abdicated to his desires to waive the probable cause hearing and to consent to the finding that he was not amenable to rehabilitation in the juvenile system. He further contends his GAL failed to inquire whether waiver was in D.F.'s best interest.

{¶20} Juvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult. *In re M.P.,* 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11 citing R.C. 2151.23(A). Under certain circumstances, however, the juvenile court has the duty to transfer a case, or bind a juvenile over, to the adult criminal system. *Id.* citing R.C. 2152.10 and 2152.12. When the state requests a mandatory bindover, the juvenile court determines whether the child is eligible for mandatory bindover according to the child's age, the nature of the act, and other circumstances, and whether probable cause exists

to believe that the juvenile committed the act charged. R.C. 2152.10(A) and 2152.12(A)(1); Juv.R. 30(A). If the child is eligible for mandatory bindover and if probable cause exists to believe that the juvenile did commit the acts charged, the only procedural step remaining is for the court to enter the order of transfer. Juv.R. 30(B).

{¶21} In the present case, the State requested a discretionary bindover. When the state requests a discretionary bindover, the juvenile court must also determine the age of the child and whether probable cause exists to believe that the juvenile committed the act charged. *In re M.P.*, 2010-Ohio-599, ¶ 12 citing R.C. 2152.10(B) and 2152.12(B)(1) and (2). If probable cause exists and the child is eligible by age, the juvenile court must then continue the proceeding for a full investigation. *Id.* citing R.C. 2152.12(C) and Juv.R. 30(C). This investigation includes a mental examination of the child, a hearing to determine whether the child is "amenable to care or rehabilitation within the juvenile system" or whether "the safety of the community may require that the child be subject to adult sanctions," and the consideration of 17 other statutory criteria to determine whether a transfer is appropriate. *Id.* citing Juv.R. 30(C); R.C. 2152.12(B), (C), (D), and (E).

{¶22} The Ohio Supreme Court has applied the abuse of discretion standard of review for discretionary bindover proceedings. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 639, ¶ 39.

{¶23} D.F. argues his trial counsel's performance was deficient because she failed to engage in the adversarial process. A review of the record shows that the performance of D.F.'s trial counsel was not deficient considering the circumstances of D.F.'s expressed desire to waive the proceedings.

{¶24} Present at the transfer proceedings on October 19, 2012 were D.F., the State's trial counsel, D.F.'s trial counsel, D.F.'s GAL, D.F.'s mother, D.F.'s probation officer, and a representative of the Department of Youth Services. D.F.'s trial counsel stated on the record that she discussed the State's motion to transfer with D.F. D.F.'s GAL was present for the discussion. The GAL stated on the record that she believed D.F.'s desire to waive the proceedings was knowingly and voluntary. The juvenile court explained to D.F. the hearing process and repeatedly questioned D.F. whether it was his desire to waive the proceedings. At every stage of the proceeding, D.F. stated he wished to waive the proceedings and be transferred to adult court.

{¶25} The record in this case does not support a finding that the performance of D.F.'s trial counsel was deficient. Further, there was no prejudice to D.F. to the extent that the resolution of the proceeding would have been different but for trial counsel's performance.

{¶26} D.F.'s first Assignment of Error is overruled.

*II. R.C. 2152.12 – The Transfer Factors*

{¶27} D.F. argues in his second Assignment of Error that the trial court failed to comply with the requirements of R.C. 2152.12(B)(3). He states the juvenile court did not specifically state the factors it considered to determine whether to transfer D.F. to adult court.

{¶28} R.C. 2152.12(B)(3) reads:

The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the

court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.

{¶29} When determining whether to transfer a child to the trial court for adult prosecution, R.C. 2152.12(D) requires that a juvenile court consider the following relevant factors in favor of transfer:

(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.

(2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.

(3) The child's relationship with the victim facilitated the act charged.

(4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.

(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

{¶30} Additionally, R.C. 2152.12(E) requires that the juvenile court consider the following relevant factors against a transfer:

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or is a mentally retarded person.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶31} In its October 23, 2012 judgment entry, the juvenile court stated:

Based upon the criteria in §2152.12 of the Ohio Revised Code the Court finds there are reasonable grounds to believe the following:

(1) [D.F.] is not amenable to care or rehabilitation within the juvenile system.

(2) The safety of the community may require that [D.F.] be subjected to adult sanctions.

(3) Pursuant to Ohio Revised Code §2152.12(D), the Court specifically finds the following facts in favor of a transfer:

(a) At the time of the act charged, the Juvenile was under a community control sanction for a prior delinquent child adjudication for Disorderly Conduct,

(b) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system,

(c) There is not sufficient time to rehabilitate the child within the juvenile system.

(4) Pursuant to Ohio Revised Code §2152.12(E), the Court fails to find one factor which would argue against the transfer.

{¶32} Our review of the juvenile court's October 23, 2012 judgment entry finds the juvenile court did consider the factors under R.C. 2152.12(D) and 2152.12(E). The juvenile court specifically stated the factors that it found weighed in favor of transferring D.F. to adult court. The juvenile court could find no factors to weigh against transferring D.F. to adult court. Based on our review of the record, we find no abuse of discretion for the trial court to determine the relevant factors under R.C. 2152.12 weighed in favor of transferring D.F. to adult court.

{¶33} D.F.'s second Assignment of Error is overruled.

## CONCLUSION

{¶34} The judgments of the Fairfield County Court of Common Pleas are affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, J., concur.