[Cite as *In re J.W.*, 2026-Ohio-1972.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

IN RE J.W.                           :

                                           No. 115579

A Minor Child                    :

[Appeal by the State of Ohio]      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 28, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-25-102021

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anthony T. Miranda and Marco Tanudra, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Britta Barthol, Assistant Public Defender, *for appellee*.

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the order of the Cuyahoga County Common Pleas Court, Juvenile Division, denying its motion for

transfer of defendant-appellee, J.W., to the jurisdiction of the Cuyahoga County Court of Common Pleas, General Division. The State claims the following error:

> The trial court erred in denying the State's motion to transfer appellant to the adult court.

{¶ 2} We find merit to the appeal and reverse the juvenile court's judgment.

{¶ 3} The State filed a ten-count complaint against J.W. in juvenile court charging him as follows: Count 1, aggravated-robbery; Count 2, felonious assault; Counts 3-5, robbery; Count 6, grand theft motor vehicle; Count 7, carrying a concealed weapon; Count 8, improperly handling firearms in a motor vehicle; and Counts 9-10, aggravated menacing. Counts 1-6 included one- and three-year firearm specifications. The named victims were E.R. and K.G., residents of a senior living community.

{¶ 4} Pursuant to R.C. 2152.12 and Juv.R. 30(A), the State filed a notice of mandatory bindover as to the aggravated-robbery charge and requested a discretionary bindover of the remaining charges. Accordingly, the juvenile court held a probable cause hearing to determine whether there was probable cause to believe that J.W. committed the acts alleged in the complaint. Neither victim testified at the hearing. The court found that there was probable cause to believe that J.W. committed the offenses in Counts 1, 3-6 with only the one-year firearm specifications, 7, and 8. The court reasoned that victim E.R. did not testify at the hearing as to "the allegations that the child displayed the weapon, brandished it, indicated that he possessed it or used it"; therefore, there was insufficient evidence

as to the three-year firearm specification attendant to Count 1 — aggravated robbery. Therefore, the court concluded, there was insufficient evidence to require mandatory transfer.

{¶ 5} The following evidence was presented at the probable-cause hearing.

{¶ 6} On January 28, 2025, Euclid Police received a 911 call from a woman reporting a robbery. Euclid Police Officer Justin Delamothe ("Officer Delamothe") responded to the Indian Hills Senior Community and was met by the victims, E.R. and K.G., who reported that the suspect stole K.G.'s 2021 Ford Escape. Officer Delamothe secured surveillance video from the apartment complex. On the video, someone is seen approaching the Escape. A second person can be seen on the video next to the car; Officer Delamothe identified the second person as E.R. The video then shows the car driving away.

{¶ 7} The police developed 16-year-old J.W. as a suspect. The day after the incident, Cleveland Heights police executed a search warrant at J.W.'s house. The police recovered the key fob to the stolen car in the dining room, near where J.W. was standing, and a Taurus G2C 9 mm handgun in a nearby bathroom.

{¶ 8} Euclid Police Detective Steve Schubert ("Detective Schubert") interviewed J.W. The interview was video recorded and entered into evidence. During the interview, J.W. admitted that he was at the senior living community when the crime occurred. According to J.W., he was walking past the apartment building wearing a ski mask and gloves when a man, later identified as E.R., engaged with J.W., telling J.W. that he was the "biggest dope dealer around here." J.W. told

detectives, "I put a gun on him, but the gun didn't have no bullets in the chamber or nothing. I took, I took the clip out of it though. I put it up to him and I said 'Bro, stop playing Bro . . . .'" According to J.W., E.R. then changed his tune, telling J.W. that "I'm just a dope fiend." J.W. admitted, "I took the car." J.W. stated that he "didn't want the car. I just wanted to intimidate him a little bit."

{¶ 9} J.W. admitted that E.R. saw the firearm during the encounter:

Detective Schubert: Do you think he was scared of your gun?

J.W.: Not really because he was just . . .

Detective Schubert: If you didn't have a gun, do you think he would have gave up the keys so easy?

J.W.: Yeah, no, I don't know.

. . .

J.W.: No, he probably wouldn't have gave it up.

{¶ 10} When asked what type of gun J.W. used, J.W. stated it was a "G2C 9 mm" handgun and admitted it was the same gun police seized from his house. J.W. said that the extended clip, which holds 32 bullets, was not in the gun at the time of the robbery. J.W. said he took it out because he thought he would get in less trouble if he committed a crime with an unloaded gun.

{¶ 11} He stated that he was not planning on robbing anyone but decided to steal from an older person, because if he tried to steal from a younger person, "they most likely gonna shoot me."

{¶ 12} In an order dated September 10, 2025, the juvenile court denied the State's motion and stated as to Counts 1 and 3-8: "Upon the conclusion of all

evidence presented relating to the matter herein and the arguments of counsel, the Court finds that the child was 16 years of age at the time of the conduct charged and that there is probable cause to believe that the child committed [those acts]," including the one-year firearm specifications attendant to Counts 1, 3, 4, 5, and 6.

{¶ 13} The court also stated:

The Court finds that the victim in Counts 1 and 2 failed to appear and testify as to the allegations that the child displayed the weapon, brandished it, indicated that he possessed it or used it to find that the evidence corroborated the statement of the child; and as to Count 2, that there is reasonable cause to believe that the youth knowingly caused or attempted to cause physical harm to the victim. The Court finds and concludes that there was insufficient evidence presented to require mandatory transfer relating to the alleged category 2 offense with a three-year firearm specification.

{¶ 14} The State appealed the juvenile court's judgment pursuant to R.C. 2945.67, as interpreted by the Ohio Supreme Court in *In re A.J.S.*, 2008-Ohio-5307.

{¶ 15} On March 3, 2026, we sua sponte remanded the case to the juvenile court for the court to enter or clarify its findings as to Counts 2, 9, and 10, reasoning:

Count 2 of the complaint charged the child with felonious assault, in violation of R.C. 2903.11(A)(2). The complaint stated that the child did "knowingly cause or attempt to cause physical harm to [E.R.] by means of a deadly weapon or dangerous ordnance." Count 2 contained one- and three-year firearm specifications. During the probable cause hearing, the trial court stated, "I don't think I'll find as to Count 2." But in its September 25, 2025 journal entry denying the State's motion to transfer, the trial court stated, "as to Count 2, that there is reasonable cause to believe that the youth knowingly caused or attempted to cause physical harm to the victim," which would constitute the crime of assault under R.C. 2903.13(A).

Counts 9 and 10 alleged aggravated menacing, in violation of R.C. 2903.21(A). During the probable cause hearing, the court stated

"[The State] allege[s] misdemeanor menacing, which is not subject to transfer," but the court did not make specific probable cause findings on Counts 9 and 10. The journal entry is also silent as to Counts 9 and 10.

{¶ 16} On March 26, 2026, the juvenile court issued a journal entry, which provided as to Counts 2, 9, and 10:

The Court finds that the victim in Counts 1 and 2 failed to appear and testify as to the allegations that the child displayed the weapon, brandished it, indicated that he possessed it, or used it to facilitate the offense. The Court cannot find that the evidence presented supports the three-year firearm specification . . . and as to Count 2, there is not reasonable cause to believe that the youth knowingly caused or attempted to cause physical harm to the victim. The Court finds and concludes that there was insufficient evidence presented to require mandatory transfer relating to the alleged category 2 offense (e.g. Count 1) with a three year firearm specification.

The Court does not find probable cause as to Count 2.

The Court further finds as to Count 9 and 10, that the victims failed to appear and testify as to the allegations involving his/her subjective or objective belief that the child caused the victim(s) to believe he would cause serious physical harm to him/her . . . . After considering the evidence and testimony, there is not probable cause [to support the aggravated-menacing charges].

{¶ 17} In the State's sole assignment of error, it argues that the juvenile court erred in denying its motion to transfer.

{¶ 18} As a general rule, juvenile courts have exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult. *In re M.P.*, 2010-Ohio-599, ¶ 11, citing R.C. 2151.23(A). However, R.C. 2151.10 and 2151.12, in conjunction with Juv.R. 30, create a narrow exception to the general rule and provide for the mandatory or discretionary transfer of cases involving allegedly delinquent children to the adult criminal court under

certain statutorily prescribed situations. R.C. 2152.10(A) sets forth which juvenile cases are subject to mandatory bindover and provides, in relevant part:

> (A) A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances:
>
> . . .
>
> (2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
>
> . . .
>
> (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.

{¶ 19} Thus, transfer of a juvenile to adult court is mandatory when three elements are met: (1) the juvenile is 16 years old at the time of the crime, (2) there is probable cause to believe the juvenile committed a category-two offense, and (3) there is probable cause to believe that the juvenile displayed, brandished, indicated possession, or used a firearm to commit the offense. R.C. 2152.10(A)(2)(b).

{¶ 20} Aggravated robbery is a category-two offense. R.C. 2152.02(BB)(1). J.W. stipulated he was 16 years old at the time the offense was committed, and the complaint alleges that he used a firearm during the commission of the offense. Therefore, a mandatory-bindover proceeding was required. R.C. 2152.10(A)(2)(b); *State v. Aalim*, 2017-Ohio-2956, ¶ 13. If the child is eligible for mandatory bindover, the juvenile court must transfer the case to the adult criminal court if "'there is

probable cause to believe that the child committed the act charged that is a category two offense.'" *Aalim* at *id.*, quoting R.C. 2152.12(A)(1)(b)(ii); *In re J.R.*, 2021-Ohio-2272, ¶ 28 (8th Dist.).

{¶ 21} To establish probable cause in a bindover proceeding, the State must present credible evidence supporting each element of the alleged offense. *State v. Iacona*, 93 Ohio St.3d 83, 93 (2001). "[P]robable cause exists when the facts and circumstances are sufficient to provide a reasonable belief that the accused has committed a crime." *State v. Martin*, 2022-Ohio-4175, ¶ 17. "Probable cause requires 'more than bare suspicion'; "the circumstances must demonstrate a 'fair probability' that a crime has been committed." *Id.* at ¶ 18, quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949), and *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Thus, probable cause requires "credible evidence that 'raises more than a mere suspicion of guilt'" but does not require evidence of guilt beyond a reasonable doubt. *In re D.M.*, 2014-Ohio-3628, ¶ 10, quoting *Iacona* at *id.*

{¶ 22} In *In re A.J.S.*, 2008-Ohio-5307, the Ohio Supreme Court explained:

[T]he juvenile court's role in a mandatory-bindover proceeding is that of a gatekeeper because it is "charged with evaluating whether sufficient credible evidence exists to warrant going forward with a prosecution on a charge that the legislature has determined triggers a mandatory transfer of jurisdiction to adult court."

*Id.* at ¶ 46, quoting *In re A.J.S.*, 2007-Ohio-3216, ¶ 22 (10th Dist.).

{¶ 23} Thus, the juvenile court's role in the bindover hearing is that of a gatekeeper as opposed to the ultimate trier of fact. *In re A.J.S.*, 2008-Ohio-5307, at ¶ 31.

{¶ 24} This court's review of the juvenile court's probable-cause determination involves questions of both law and fact. "[W]e defer to the trial court's determinations regarding witness credibility, but we review de novo the legal conclusion whether the state presented sufficient evidence to demonstrate probable cause to believe that the juvenile committed the acts charged." *In re A.J.S.*, 2008-Ohio-5307, at ¶ 51.

{¶ 25} As previously stated, J.W. was subject to mandatory bindover proceedings because he was charged with a category-two offense, aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications. R.C. 2911.01(A)(1) provides, in relevant part:

> No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall . . . [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

{¶ 26} The juvenile court found that the State was unable to show probable cause to support the third element — that J.W. displayed, brandished, indicated possession, or used a firearm to commit the offense.

{¶ 27} The court focused on the fact that E.R. did not testify at the hearing and concluded that J.W.'s confession was insufficient to support a probable-cause finding. We disagree on several fronts.

{¶ 28} J.W. stated in the police interview that he "put a gun" on E.R., specifically a Taurus "G2C 9 mm" handgun, and that the gun he used in the robbery was the same gun police seized from his house. J.W. stipulated that the firearm,

which was recovered when police executed a search warrant at his house, was operable. Moreover, J.W. admitted to the detective that E.R. saw the gun when he said that that the victim "probably" would not have given up the car if J.W. did not have a gun. We find that these admissions alone are sufficient evidence to support a probable-cause finding that J.W. had a deadly weapon on or about his person or under his control and either displayed, brandished, used, or indicated possession of the firearm during the commission of the crime.

{¶ 29} Additionally, the juvenile court's finding that E.R.'s testimony was required to corroborate J.W.'s admission was in error. It is well-settled that there is no requirement that an admission or confession be corroborated with a victim's testimony. This is true when supporting a conviction but even more so for probable cause where the standard is not "beyond a reasonable doubt." *See State v. Belsar*, 2025-Ohio-57, ¶ 14 (2d Dist.) ("Even standing alone, the victim's testimony or Belsar's admission, if believed, was legally sufficient to support his conviction."); *State v. Hopfer*, 112 Ohio App.3d 521, 562 (2d Dist. 1996) ("[T]he confession was properly admitted in evidence and, consequently, provided a sufficient basis for finding guilt beyond a reasonable doubt."). Finally, even if corroboration was necessary, and it is not, J.W.'s admission was corroborated. Police recovered the firearm and the key fob to the stolen vehicle in J.W.'s home, near where he was standing at the time the warrant was executed.

{¶ 30} In *In re J.R.*, 2021-Ohio-2272 (8th Dist.), this court noted that the victim's statement to the police should have been considered in determining

whether there was probable cause to bind the juvenile over, regardless of whether the victim testified at the hearing:

> Given that a probable cause hearing is non-adjudicatory, the evidence presented at a probable cause hearing need not meet the same standards required for admissibility at trial. Confrontation Clause standards for the admissibility of evidence and the Ohio Rules of Evidence do not apply to probable cause hearings.

*Id.* at ¶ 37; *see also State v. Grays*, 1981 Ohio App. LEXIS 12488, *3-4 (1st Dist. Jan. 14, 1981) (stating that "it cannot seriously be argued that testimony inadmissible at trial under the rules of evidence cannot be considered in a preliminary proceeding").

{¶ 31} In *In re J.C.*, 2024-Ohio-5918 (8th Dist.), this court overturned the juvenile court's finding of no probable cause. In that case, a woman was approached by two males in a parking lot. One male ordered her to give him the keys to her vehicle and the other male said, "I have a gun." *Id.* at ¶ 4. One of the males, a juvenile, was arrested nearby on the porch of a home and a firearm was recovered inside the home. During a police interview, the juvenile "admitted he was carrying a firearm during the incident." *Id.* at ¶ 8. The juvenile court found that there was insufficient evidence that the juvenile possessed or indicated possession of the firearm. This court reversed, finding that the juvenile's admission that he had a firearm was sufficient evidence of possession and that there was "more than a suspicion of guilt" that the juvenile who carried the firearm was also the juvenile who said, "I have a gun." *Id.* at ¶ 30.

{¶ 32} In this case, the State presented evidence that raises more than a mere suspicion and provides a reasonable belief that J.W. either displayed, brandished,

used, or indicated possession of the firearm during the commission of the crime, which is sufficient to demonstrate probable cause.

{¶ 33} When an appellate court reverses a juvenile court's finding of no probable cause and determines there is probable cause to believe that the juvenile committed the acts alleged in the complaint, the proper remedy is to reverse and remand with instructions to enter a mandatory transfer order. *In re J.R.*, 2021-Ohio-2272, ¶ 44 (8th Dist.), citing *In re B.W.*, 2017-Ohio-9220, ¶ 52-53 (7th Dist.).

{¶ 34} Next, we consider the discretionary bindover counts. The juvenile court found there was probable cause to support Counts 3-8 with a one-year firearm specification. The court found no probable cause as to Count 2 (felonious assault as to E.R. with one- and three-year firearm specifications), Count 9 (aggravated menacing as to K.G.) and Count 10 (aggravated menacing as to E.R.).

{¶ 35} Ohio's bindover scheme permits other nonqualifying "discretionary-bindover" offenses to be transferred to adult criminal court without an amenability hearing if there is probable cause to believe (1) that the juvenile committed a mandatory-bindover offense, and (2) that the mandatory-bindover offense and the discretionary-bindover offenses "'arose from a common nucleus of operative facts.'" *In re B.A.T.*, 2023-Ohio-3366, ¶ 28 (8th Dist.), quoting *State v. Cockrell*, 2016-Ohio-5797, ¶ 17 (1st Dist.). The discretionary offenses here arose out of the same conduct; therefore, they are to be transferred as well.

{¶ 36} Accordingly, we sustain the State's assignment of error, reverse the juvenile court's decision, and remand the case with instructions for the juvenile

court to enter a finding of probable cause and, pursuant to R.C. 2152.12, order the case transferred to the General Division of the Cuyahoga County Common Pleas Court.

{¶ 37} Judgment reversed; and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
TIMOTHY W. CLARY, J., CONCUR