[Cite as *State v. Trischler*, 2026-Ohio-2055.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff - Appellee<br><br>-vs-<br><br>RUSSELL ALLEN TRISCHLER,<br><br>Defendant - Appellant | Case No. 25 CAF 09 0081 & 25 CAA 09 0078<br><br>Opinion And Judgment Entry<br><br>Appeal from the Delaware County Court of Common Pleas, Case No. 25 CRI 03 0126<br><br>Judgment: Affirmed<br><br>Date of Judgment Entry: June 1, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; JONATHAN W. KLEIN, for Defendant-Appellant.

*Montgomery, J.*

{¶1}   Appellant Russell Allen Trischler ("Appellant") has filed an appeal to the juvenile court's decision to transfer jurisdiction to the common pleas court. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   Appellant and several others entered the home of Appellant's girlfriend in the early morning hours on June 17, 2024. While in the home, Appellant and his accomplices assaulted and robbed three individuals who were inside the home.

{¶3} The State of Ohio filed a delinquency complaint against Appellant in juvenile court. The complaint charged Appellant with three counts of aggravated robbery, three counts of felonious assault and three counts of abduction.

{¶4} The State filed a motion on July 29, 2024, seeking discretionary transfer of the case from juvenile court to the general division of common pleas court pursuant to R.C. 2152.12(B).

{¶5} The juvenile court held a probable cause hearing on September 4, 2024, wherein Appellant stipulated to a finding of probable cause.

{¶6} The juvenile court ordered a mental evaluation of Appellant which was conducted by Dr. Daniel Davis, a clinical psychologist. Dr. Davis submitted an evaluation to the court.

{¶7} The juvenile court held an amenability hearing on February 12, 2025. The trial court issued a decision on March 3, 2025, that found Appellant was not amenable to rehabilitation in the juvenile system and granted the State's motion to transfer the case to the Delaware County Court of Common Pleas, General Division.

{¶8} Appellant was indicted in the Delaware County Common Pleas Court on March 13, 2025, on three counts of aggravated robbery, six counts of kidnapping, one count of felonious assault and six counts of abduction.

{¶9} The State dismissed the counts of kidnapping, felonious assault and abduction and Appellant pled guilty to three counts of aggravated robbery on July 23, 2025. Appellant was sentenced to an aggregate prison term of 12 to 13.5 years on August 22, 2025.

**{¶10}** Appellant has filed an appeal to the juvenile court's Judgment Entry filed on March 3, 2025, that granted the State's Motion to Transfer the case to the Delaware County Court of Common Pleas.

**{¶11}** Appellant asserts the following assignment of error:

**{¶12}** "I. THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT TRANSFERRED JURISDICTION TO THE GENERAL DIVISION."

## STANDARD OF REVIEW

**{¶13}** This Court reviews a juvenile court's ruling on the amenability of a juvenile under an abuse of discretion standard. The Ohio Supreme Court has stated, "[a]n amenability hearing is a broad assessment of individual circumstances and is inherently individualized and fact-based. Thus, a juvenile court's determination regarding a child's amenability to rehabilitation in the juvenile system is reviewed by an appellate court under an abuse-of-discretion standard." *In re M.P.*, 2010-Ohio-599, ¶ 14. A decision is an abuse of discretion when it is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶14}** A juvenile court's discretionary transfer of a case to the court of common pleas is governed by Ohio Juv.R. 30(C) which states "In any proceeding in which transfer of a case for criminal prosecution is permitted, but not required, by statute, and in which probable cause is found at the preliminary hearing, the court shall continue the proceeding for full investigation. The investigation shall include a mental examination of the child by a public or private agency or by a person qualified to make the examination. When the investigation is completed, an amenability hearing shall be held to determine whether to transfer jurisdiction. The criteria for transfer shall be as provided by statute."

**{¶15}** In the case at hand, the juvenile court complied with Ohio Juv.R. 30(C). Appellant stipulated to a finding of probable cause and the court ordered Dr. Davis to complete a mental examination.

**{¶16}** Dr. Davis evaluated Appellant and provided a 47-page report that discussed the factors that weighed in favor of and against amenability. Dr. Davis's report stated that he believed Appellant could be safely confined, was amenable to treatment and appropriately rehabilitated in the juvenile system.

**{¶17}** Following the submission of Dr. Davis's report, the trial court set the matter for an amenability hearing. During the hearing, Dr. Davis testified, "[t]his was a very difficult and complicated case with aspects on both sides." *Transcript*, p. 70. Dr. Davis further testified that Appellant's risk level was moderate – high, Appellant is at risk for treatment non-compliance and that treatment would need to extend beyond Appellant's 21st birthday. *Id.*, pp. 70, 71. Dr. Davis acknowledged, "So that what I offer to the Court is a range of probabilities because I know that the Court takes into account factors other than my examination." *Id.*

**{¶18}** In addition to Dr. Davis, the trial court heard testimony from Detective Chandler Jenkins, Beth Gerken, Clinical Administrator at Central Ohio Youth Center, and Marcy McKenney from Highland Community Learning Center.

**{¶19}** During an amenability hearing, a juvenile court must comply with R.C. 2152.12(B), (D) and (E) prior to transferring a case from juvenile court to the court of common pleas.

**{¶20}** R.C. 2152.12(B) states:

(B) Except as provided in division (A) of this section, after a complaint has

been filed alleging that a child is a delinquent child by reason of committing

one or more acts that would be an offense if committed by an adult and if any of those acts would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following with respect to an act charged that would be a felony:

(1) The child was fourteen years of age or older at the time of the act charged.

(2) There is probable cause to believe that the child committed the act charged.

(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.

**{¶21}** In the case at hand, Appellant was 17 at the time he was charged and 18 at the time of the amenability hearing, waived his right to a probable cause hearing and stipulated to a probable cause finding for the offenses listed in the State's complaint. Appellant was charged with offenses that if committed by an adult would be felonies. Therefore, the issue before the juvenile court was whether Appellant was amenable to care or rehabilitation within the juvenile system.

**{¶22}** The juvenile court must weigh the factors set forth in R.C. 2152.12(D) and (E) prior to transferring a case to common pleas court. R.C. 2152.12(D) sets forth 9 factors that weigh in favor of a discretionary transfer:

(1)     The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.

(2)     The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.

(3)     The child's relationship with the victim facilitated the act charged.

(4)     The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5)     The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.

(6)     At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7)     The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8)     The child is emotionally, physically, or psychologically mature enough for the transfer.

(9)     There is not sufficient time to rehabilitate the child within the juvenile system.

**{¶23}** The trial court weighed each of the factors set forth in R.C. 2152.12(D) and found:

- The victims suffered physical harm, the age of the victims did not affect the harm caused;

- There was no evidence that the prior relationship between Appellant and victims facilitated the offense;

- Appellant did not commit the act for hire;

- There was no evidence that Appellant possessed or brandished a firearm;

- Appellant was not awaiting adjudication or disposition on other offenses;

- Appellant had no prior involvement in the juvenile court system;

- Appellant was mature enough for transfer to the adult system;  and

- Treatment would extend beyond Appellant's 21st birthday.

*Judgment Entry Amenability Hearing*, p. 12, 13.

**{¶24}** The trial court balances the above factors, and any other relevant factors, with the eight (8) factors listed in R.C. 2152.12(E) that weigh against the transfer. These factors are:

(1)     The victim induced or facilitated the act charged.

(2)     The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or intellectual disability.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶25} The trial court found:

• Appellant instructed one of the victims to keep the victims inside the residence until he and his friends arrived;

• Appellant did not act under provocation;

• Appellant was the principal actor in recruiting other youth;

• Appellant was alleged to have caused physical harm to others;

• Appellant had not previously been adjudicated delinquent;

• Appellant is diagnosed with several mental health disorders;

• Appellant was 18 years old at the time of the hearing and found to be sufficiently mature for transfer;

- The level of security in the juvenile justice system is sufficient to protect public safety; and

- Appellant would need treatment beyond age 21.

*Judgment Entry Amenability Hearing*, pp. 13, 14.

**{¶26}** The juvenile court weighed each factor set forth in R.C. 2152.12(D) and (E) and found that some of the factors weighed in favor of discretionary transfer and some weighed against. A juvenile court is not required to find that every factor must support a transfer. "There is no requirement that every factor must be 'resolved against the juvenile so long as the totality of the evidence supports a finding that the juvenile is not amenable to treatment.'" *State v. Nash*, 2025-Ohio-796, ¶ 21 (5th Dist.) citing, *State v. Bryant*, 2024-Ohio-1192, ¶ 16 (2d Dist.), quoting *State v. Haynie*, 1995 Ohio App. LEXIS 517, 1995 WL 55289, *5 (12th Dist. Feb. 13, 1995).

**{¶27}** The trial court held an amenability hearing pursuant to statute and considered the report of Dr. Davis and each of the factors that weigh in favor of and against discretionary transfer. The trial judge journalized his findings with respect to each factor and stated whether or not it supported a discretionary transfer of jurisdiction.

**{¶28}** We find that the evidence in the record supports the discretionary transfer of the case at hand. The trial court did not abuse its discretion in granting the State's Motion to Transfer the matter to the Delaware County Court of Common Pleas, General Division.

**{¶29}** Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶30} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is Affirmed.

{¶31} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.